1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                    FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   BANK OF NEW YORK MELLON,           )
                                       )        2:12-cv-01280-GEB-GGH
9                    Plaintiff,        )
                                       )
10              v.                     )        ORDER REMANDING CASE TO STATE
                                       )        COURT
11  LETTYE J. LEWIS, and DOES I        )
    through X, inclusive,              )
12                                     )
                     Defendants.       )
13  _____   )

14          Defendant Lettye J. Lewis ("Lewis"), proceeding *in propria*

15  *persona*, filed an *Ex Parte* Application for Temporary Restraining Order

16  ("TRO Application"); Memorandum of Points and Authorities; Affidavit of

17  Lewis in Support of TRO Application; and Verified Complaint. (ECF Nos.

18  3 & 4.) Lewis seeks in her TRO Application an order "restraining and

19  enjoining . . . [the] Sacramento Sheriff's Office . . . ; the Bank of

20  New York Mellon . . . ; Recontrust Company, N.A. . . . ; and Mortgage

21  Electronic Registration Systems, Inc. . . . from engaging in, or

22  performing any act, to deprive [Lewis] of her ownership in . . . and

23  possession of . . . the Property located at 1229 Nogales Street,

24  Sacramento, California 95838." (Def.'s Mem. P. & A., at 2.) However,

25  Lewis has not shown that the federal court has subject matter

26  jurisdiction to consider her TRO application.

27          Lewis removed this case from the California Superior Court of

28  California in Sacramento County, by filing a removal notice on May 11,

                                      1

2012. (ECF No. 1.) However, Lewis does not allege in her removal notice a basis for federal subject matter jurisdiction.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." Toumajian v. Frailey, 135 F.3d 648, 652 (9th Cir. 1998), *abrogated on other grounds by* Aetna Health, Inc. v. Davila, 542 U.S. 200 (2004). A removed case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c). "A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint." Bank of New York Mellon v. Kirby, No. 1:12-cv-00898, 2012 WL 2050423, at *2 (E.D. Cal. June 6, 2012) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

Here, only an unlawful detainer claim appears in the portion of Plaintiff's complaint attached to Lewis' removal notice. (Notice of Removal Ex. 19.) "An unlawful detainer action arises solely under state law. Thus, an unlawful detainer claim such as the one asserted by Plaintiff here does not raise a federal question." Kirby, 2012 WL 2050423, at *2 (internal citation omitted); *see* Fannie Mae v. Suarez, 1:11-cv-01225, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court."); Deutsche Bank Nat'l Trust v. Leonardo, CV 11-3979, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). Since a federal question does not appear on the face of Plaintiff's complaint, Lewis has not demonstrated the existence of federal question subject matter jurisdiction.

1        Further, nothing in the notice of removal shows the existence
2   of diversity jurisdiction. "A district court [has] original jurisdiction
3   based on diversity [of citizenship] when there is complete diversity
4   between the parties and the amount in controversy is greater than
5   $75,000." Vogel v. Dollar Tree Stores, Inc., No. CIV. 07-2275, 2008 WL
6   149234, at *1 (E.D. Cal. Jan. 14, 2008) (citing 28 U.S.C. § 1332(a)).
7   However, the portion of Plaintiff's complaint attached to Lewis' removal
8   notice does not demonstrate the existence of diversity of citizenship
9   subject matter jurisdiction, since Plaintiff alleges in its complaint
10  that the "amount demanded does not exceed $10,000[.]" (Notice of Removal
11  Ex. 19.) Further, Plaintiff fails to allege in its complaint the
12  citizenship of the parties, and Lewis does not argue in her removal
13  notice that this court has diversity of citizenship subject matter
14  jurisdiction.

15        Since Lewis has not demonstrated the existence of subject
16  matter jurisdiction over Plaintiff's claims, this case is remanded to
17  the California Superior Court in Sacramento County.

18  Dated:  June 26, 2012

19
20                          _____
21                          GARLAND E. BURRELL, JR.
                            United States District Judge
22
23
24
25
26
27
28

3